**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-56967 |
| Plaintiff - Appellee, | D.C. No. 2:09-cv-02026-GAF-AJW |
| v. | |
| RUBY JANE GAYLOR, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Submitted June 15, 2011[**]

Before:    CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

Ruby Jane Gaylor appeals pro se from the district court's order permanently

enjoining her from filing false tax documents or providing false tax documents to

any persons or entities.  We have jurisdiction under 28 U.S.C. § 1291.  We review

for an abuse of discretion the issuance of a permanent injunction.  *United States v.*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Kapp*, 564 F.3d 1103, 1109 (9th Cir. 2009).  We affirm.

The district court did not abuse its discretion by entering a permanent injunction preventing Gaylor from filing false tax documents or providing false tax documents to other persons or entities.  *See* 26 U.S.C. § 7402(a) ("The district courts of the United States at the instance of the United States shall have such jurisdiction to make and issue . . . orders of injunction . . . as may be necessary or appropriate for the enforcement of the internal revenue laws."); *California ex rel. Lockyer v. U.S. Dep't of Agric.*, 575 F.3d 999, 1019 (9th Cir. 2009) (listing traditional permanent injunction factors).

Contrary to Gaylor's contentions, the government's service of process was not defective under Fed. R. Civ. P. 4(c)(2), nor was the government required to enter into a settlement agreement with her.

Gaylor's remaining contentions are unpersuasive.

**AFFIRMED.**